FILED'08 JUN 04 15:43 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID HILLSMAN,

        Petitioner,        Civil No. 07-1712-AA

        v.        ORDER

WARDEN J.E. THOMAS,

        Respondent.

AIKEN, District Judge.

    Petitioner filed a petition for habeas corpus relief complaining that the BOP has not adhered to the published and posted scheduled hours of operations of various prison programs. Petitioner alleges that the "BOP violated petitioner's due process rights by Granting Relief in his administrative remedy, however has failed to comply with the

1 - ORDER

relief granted." Amended Petition (#7) p. 2. Petitioner contends that "he is not arguing about the hours of operation; the only review the Petitioner seeks is for the BOP to comply with the relief they already granted." Petitioner's Reply (#13) p. 2.

Respondent argues that petitioner "fails to raise a cognizable claim under 28 U.S.C. 2241" and that "petitioner's concerns were recognized by FCI Sheridan staff and changes were implemented" to address petitioner's complaints. Respondent's Answer (#12) p. 2.

Background: Petitioner, an inmate at FCI Sheridan, filed a grievance complaining about inaccuracies in the FCI Sheridan Inmate Admission and Orientation Handbook ("A & O"), and requesting that staff follow the posted times. Warden Daniels granted petitioner's request for administrative remedy by providing petitioner with a list containing the accurate hours of operation of all departments and posted the accurate hours of operation outside of each department.

Petitioner appealed to the Regional Director who granted the appeal, but noted that the time discrepancies were minor

2 - ORDER

(10-15 minutes)[1] and that the schedules in the A & O were being updated. Respondent's Exhibit 1.

Petitioner appealed to the National Administrator (of) Inmate Appeals, Harrell Watts, who responded "for informational purposes only." <u>See</u>, Petition (#1) Exhibits. Mr. Watts acknowledged minor discrepancies of various hours of operation, but noted that 1.) the deviations in standardized schedules "although inconvenient ... do not adversely affect long term access to programs or services; and 2) the schedules were being corrected to eliminate conflicts and confusion.

Petitioner alleges in his petition that "nothing has changed" and that "prison staff are not following the time schedules or the posted times '<u>under normal operation</u>' which puts inmates and staff in conflicts on a daily basis." Petition (#1) p. 2-3.

<u>Discussion:</u>

Petitioner has not alleged any procedural due process violations arising from the way his grievances were processed.

---

[1] Petitioner alleges that the discrepancies are "30 to 60 minutes." Petition (#1) p. 2. <u>See also</u>, <u>Id</u>., p. 4 (alleged examples of 30 to 60 minute variances in library, recreation and visiting schedules.

3 - ORDER

He simply alleges that he is not satisfied with the result of the process and that relief has not been granted to the extent he sought. Accordingly it is appropriate to analyze petitioner's claim in terms of a Fifth Amendment (substantive due process) claim.

In order to establish a due process violation an inmate must first establish that a government created liberty interest has been violated. If no constitutionally protected liberty interest of the inmate is at stake, the inmate's claim is not cognizable in a petition under 28 U.S.C. §2254. <u>Briggs v. Terhune</u>, 334 F.3d 910 (9th Cir. 2003).

To establish the existence of a liberty interest, petitioner must demonstrate that a restriction on his confinement either 1.) creates an atypical and significant hardship by subjecting the inmate to conditions different from those ordinarily experienced by a large number of inmates serving their sentences in a customary fashion, or 2) inevitably effects the duration of the prisoner's sentence. <u>Sandin v. Connor</u>, 515 U.S. 472 (1995).

Petitioner has not established either of these elements in this case.

The record reflects that the BOP responded to

4 - ORDER

petitioner's grievances and took corrective measures. Strict adherence to precise schedules is not always possible in any setting. In the context of a prison, scheduling programs and activities is especially difficult. As noted by the BOP National Director, "deviations from standardized schedules are based on the immediate and often impromptu institutional needs that override posted hours." <u>See</u>, Petitioner's BP-11 exhibit.

I addition, other than being inconvenienced by the discrepancy between posted and operational hours, petitioner has failed to establish any actual injury arising from the variations that respondent concedes occur. Petitioner argues that the result of "not following schedules" can be "catastrophic." Amended Petition (#7) p. 2-3. However, petitioner has not identified any such "catastrophic" consequences arising from the BOP's failures.

Petitioner alleges that he has a "vested liberty interest in preserving his Good Time which is under threat to be taken on a daily basis over prison staff and following schedules." Amended Petition (#7) p. 2. Although petitioner may have a protected liberty interest in "Good Time" he has not explained how the alleged lack of strict adherence to schedules for the operation of prison programs threatens or implicates his "Good

5 - ORDER

Time" credit.

Based on the foregoing I find that respondent has reasonably responded to petitioner's complaints about the discrepancies between the posted or published times and actual hours of operation of certain prison programs and services and that his claim in this proceeding is moot.

To the extent that some minor or occasional variations may still exists, I find that petitioner has failed to establish a liberty interest in being free from such variations or any actual injury resulting from such variations.

Petitioner's Amended Petition (#7) is denied. This proceeding is dismissed.

DATED this 3 day of June, 2008.

_____
Ann Aiken
United States District Judge

6 - ORDER